UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                  :

In re:                             :

                                  :    **ORDER AFFIRMING THE**
GEORGE WASHINGTON BRIDGE BUS    :    **BANKRUPTCY COURT'S**
STATION DEVELOPMENT VENTURE LLC,  :    **SETTLEMENT ORDER**
                                  :

          Debtor.                 :    20 Civ. 7257 (AKH)

                                  :

------------------------------------------------------------- :
                                  :

TUTOR PERINI BUILDING CORP.,        :

               Appellant,       :

                                  :

        v.                           :

                                  :

GEORGE WASHINGTON BRIDGE BUS    :
STATION DEVELOPMENT VENTURE    :
LLC, *et al.*,                        :

                                  :

             Appellees.       :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Appellant appeals from a final order of the Bankruptcy Court, to review a narrow

question of law:  Whether the Bankruptcy Court erred by barring Appellant from asserting

claims inconsistent with the Bankruptcy Court's settlement order pursuant to Rule 9019 of the

Federal Rules of Bankruptcy Procedure.  For the reasons discussed below, the Bankruptcy Court

did not err, and its order is affirmed.

## BACKGROUND

        The debtor, George Washington Bridge Bus Station Development Venture, LLC

("Debtor"), was the developer of a $183.2 million renovation of the George Washington Bridge

Bus Station, owned by the Port Authority of New York and New Jersey ("Port Authority") and

leased pursuant to a Ground Lease for 99 years to Debtor.[1]  In June 2013, Debtor hired Appellant as the general contractor for the project.[2]  Pursuant to section 5.7(c) of the Ground Lease, Debtor is obligated to pay "all claims lawfully made against it by its contractors, subcontractors, material-men, and workmen . . . ."[3]  To pay for the costs of the project, Debtor obtained financing from the Port Authority and private lenders, including Appellee New York City Regional Center, LLC ("Regional Center").

Due to delays and costs associated with the project, Debtor's liquidity, the ability to pay debts as they came due, deteriorated significantly in 2019.[4]  Debtor filed for bankruptcy protection on October 7, 2019,[5] and sought to sell and assign its rights under the Ground Lease. On December 4, 2019, the Bankruptcy Court entered a bid procedures order, pursuant to section 365(b) of the Bankruptcy Code, for the sale of substantially all of Debtor's assets and the assumption and assignment of the Ground Lease.[6]

In the chapter 11 case, both the Port Authority and Appellant asserted rights to cure Debtor's defaults in payments, pursuant to section 5.7(c) of the Ground Lease and section 365(b)(1)(A) of the Bankruptcy Code, and thus forestall the bid procedure of Debtor's interest in the Ground Lease.[7]  The Bankruptcy Court determined that the adjudication of the Port Authority's and Appellant's rights to cure claims, among other issues, was a precondition to

---

[1]  Debtor's Appendix of Excerpts of Records ("DER") 3–4.

[2]  Appellant's Appendix of Excerpts of Records ("AER") 1138–39.

[3]  AER 460.

[4]  DER 17–18.

[5]  DER 18.

[6]  DER 1201.

[7]  AER 132.

Debtor's ability to effectively market the Ground Lease for assignment.[8]  There also was a lawsuit pending, by Appellant against the Port Authority in New York Supreme Court,[9] and against the project's senior lenders, including Appellee Regional Center, in the Southern District of New York.[10]

       After extensive negotiations, Debtor, Regional Center, and the Port Authority reached a settlement (the "Settlement Agreement"),[11] to resolve and narrow the remaining disputes to be adjudicated by the Bankruptcy Court, including the issue of right to cure[12] On January 3, 2020, Debtor filed a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019") to approve the Settlement Agreement.[13]  Appellant filed the sole objection,[14] arguing, among other things, that it was a "third-party beneficiary of the Ground Lease"[15] and that any order entered in connection with the Settlement Agreement should make "clear that [Appellant's] rights and claims remain intact and are unaffected by the . . . [s]ettlement."[16]

       On July 14, 2020, the Bankruptcy Court held a hearing on the Settlement Agreement, and held that "(a) [Appellant] is not a third-party beneficiary of the Ground Lease

---

[8]  ECF No. 6, at 11.

[9]  *See* Complaint, *Tutor Perini Bldg. Corp. v. Port Auth. of N.Y. & N.J., et al.*, Index No. 156211/2018 (N.Y. Sup. Ct. N.Y. Cty., Jul. 2, 2018).

[10]  *See Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC, et al.*, 20 Civ. 731 (PAE) (S.D.N.Y).

[11]  ECF No. 13, at 16–17.

[12]  *Id.*

[13]  AER 1581.

[14]  AER 1690, 2153.

[15]  AER 1730, at ¶ 14.

[16]  AER 1593, at ¶ 2.

and (b) [Appellant] has no right to assert a cure claim pursuant to Section 365 of the Bankruptcy Code."[17]  At Appellant's insistence, the Bankruptcy Court issued two separate orders:[18]  on August 11, 2020, the Bankruptcy Court entered its *Order Regarding Disputed Ground Lease Issues*, which is subject to a separate appeal,[19] and, on August 12, 2020, the Bankruptcy Court entered an order approving the settlement between Debtor, Regional Center, and the Port Authority (the "Settlement Order").[20]  The Settlement Order provides, among other things, that "the approval of the Settlement Agreement does not prohibit [Appellant] from asserting claims and causes of actions in other courts against the Prepetition Lenders, the Port Authority, and other non-Debtor third parties, including current or former officers of the Debtor, *to the extent those claims and causes of action are not inconsistent with this Court's Order, findings of fact, or conclusions of law*."[21]  On August 20, 2020, Appellant filed its *Notice of Appeal*, challenging the italicized language of the Settlement Order.[22]

## STANDARD OF REVIEW

A district court should not overturn a bankruptcy court's approval of a settlement under Rule 9019 "unless it is manifestly erroneous or an abuse of discretion."[23]  However, Appellant does not contest the Bankruptcy Court's decision to approve the Settlement

---

[17]  AER 1979, at ¶ 6.

[18]  AER 2065.

[19]  *See Tutor Perini Bldg. Corp. v. George Washington Bridge Bus Station Dev. Venture, LLC, et al.*, 20 Civ. 7433 (JSR) (S.D.N.Y.).

[20]  AER 1979.

[21]  *Id.* (emphasis added).

[22]  ECF No. 6, at 14.

[23]  *In re Tower Auto. Inc.*, 241 F.R.D. 162, 166 (S.D.N.Y. 2006) (citing *In re Iridium Operating LLC*, 2005 WL  56900, at *4 (S.D.N.Y. Apr. 4, 2005)).

Agreement; rather, the appeal asks whether the Bankruptcy Court erred in expanding the scope of its order by purporting to bar Appellant from asserting claims and causes of actions inconsistent with the Settlement Order in other courts.[24]  This issue is a question of law, which the Court reviews *de novo.*[25]

## DISCUSSION

Appellant contends that the Bankruptcy Court erred in "expanding the scope of the [Settlement Order] beyond what was required to approve the Settlement Agreement . . . ."[26] The Court disagrees.

Congress confers upon district courts jurisdiction over title 11 cases, over civil proceedings related to title 11 cases, and over property of the title 11 estate.[27]  Congress also grants district courts the power to refer "any or all proceedings arising under title 11 or arising in or relating to a case under title 11" to bankruptcy judges for the district.[28]  The Chief Judge of this District entered a standing order of reference consistent with that congressional grant.[29] When presented with a case or controversy, endowed with powers authorized by Congress, and entrusted with a reference from this Court, the Bankruptcy Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]."[30]

---

[24]  *See* ECF No. 6, at 6.

[25]  *See In re Belmonte*, 931 F.3d 147, 152 (2d Cir. 2019); *In re Motors Liquidation Co.*, 943 F.3d 125, 129 (2d Cir. 2019).

[26]  ECF No. 6, at 6.

[27]  *See* 28 U.S.C. §§ 1334(a), (b), (e).

[28]  28 U.S.C. § 157(a).

[29]  *See* Amended Standing Order of Reference, M10-468 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).

[30]  11 U.S.C. § 105(a).

Rule 9019 does not alter this understanding of bankruptcy court authority.  On a motion by the trustee and after notice and a hearing, Rule 9019 allows a bankruptcy court to approve a compromise or settlement.[31]  If a party in interest objects to the proposed settlement, as Appellant did below, a contested matter is initiated, and the procedure is governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure.[32]  Rule 9014, in turn, requires that reasonable notice and opportunity for hearing "shall be afforded the party against whom relief is sought."[33]

The Bankruptcy Court complied with the procedural requirements of Rules 9014 and 9019 when it approved the Settlement Agreement and overruled Appellant's objection.  It is undisputed that parties in interest were given notice and an opportunity to be heard on both the motion and Appellant's objection.  Appellant also acknowledges that the parties exchanged several rounds of briefs and replies addressing its objection.[34]  The Appellant, having pursed the procedures provided by Rules 9019 and 9014, is bound by the Order of the Bankruptcy Court, approving the settlement, providing for its effectuation notwithstanding the other lawsuits prosecuted by Appellant, and overruling Appellant's objection.[35]

Moreover, the challenged language of the Settlement Order states the potential preclusive effect barring Appellant from relitigating issues raised by its objections.  Appellant

---

[31]  *See* Fed. R. Bankr. P. 9019(a).

[32]  *See* 10 Collier on Bankruptcy ¶ 9019.01.

[33]  Fed. R. Bankr. P. 9014(a).

[34]  ECF No. 9, at 13–14.

[35]  *See In re Reagor-Dykes Motors, LP*, 613 B.R. 878, 886 (Bankr. N.D. Tex. 2020) ("Generally, for a party to be bound to orders issued by the bankruptcy court, the party must receive adequate notice of the proceedings for due process reasons . . . . Although notice and an opportunity to be heard is required, every affected creditor need not consent to a settlement for it to be binding on all creditors.") (citations omitted); *see also In re Big Apple Volkswagen, LLC*, 571 B.R. 43, 56 (S.D.N.Y. 2017) (discussing the rationale behind Rule 9019's requirement of court approval).

argues that the doctrines of preclusion extend only to the Bankruptcy Court's approval of the Settlement Agreement.[36]  Appellant is mistaken.  Collateral estoppel prevents parties or their privies from relitigating any issue of fact or law that was "fully and fairly litigated" and was "necessary to support a valid and final judgment on the merits" in a prior proceeding.[37]  Here, the parties extensively briefed the issues raised in Appellant's objection, including its third-party beneficiary and right-to-cure arguments.  The Bankruptcy Court issued a detailed and reasoned order, approving the settlement, overruling the sole objection, and concluding that Appellant does not have third-party beneficiary or cure rights.  The Bankruptcy Court's rulings speak directly to matters raised in Appellant's objection and are central to protect the Settlement Agreement and the Bankruptcy Court's authority and jurisdiction.  The potential preclusive effect, therefore, extends beyond the Bankruptcy Court's approval of the Settlement Agreement and reaches any issues necessarily litigated and decided by the Bankruptcy Court.[38]  Simply put, having objected to the motion, and having fully briefed and argued the issues pertaining to its objection, Appellant may not now argue that the Bankruptcy Court erroneously expanded the scope of the Settlement Order.

---

[36] ECF No. 14, at 4–6.

[37] *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002) (holding that, under federal law, "[c]ollateral estoppel applies when: '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party [against whom collateral estoppel is being asserted] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" (quoting *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998))).

[38] *See Dorsey v. Enron Corp.*, 04-04303 (AJG) (Banrk. S.D.N.Y. Jan. 26, 2006) [Doc. No. 19 at 35] ([T]his Court adopts the principal (sic) that an order by a bankruptcy court approving a settlement is a final judgment on the merits and is entitled to res judicata effect.); *In re Joint E. & S. Dist. Asbestos Litig.*, 129 B.R. 710 (E.D.N.Y.1991), *vacated on other grounds*, 982 F.2d 721 (2d Cir.1992), *opinion modified on reh'g*, 993 F.2d 7 (2d Cir.1993) ("Once approved by the bankruptcy court, a compromise takes the form of an order of the court and has the effect of a final judgment."); 10 Collier on Bankruptcy ¶ 9019.01 ("Once [an order approving a settlement] has become final, an order approving a settlement has the same res judicata effect as any other order of a court.").

**CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's Settlement Order is affirmed. The Clerk of Court is instructed to terminate the case.  Oral argument scheduled for March 10, 2021, is canceled.

SO ORDERED.

Dated:    February 25, 2021                    _____/s/_____
          New York, New York                         ALVIN K. HELLERSTEIN
                                                      United States District Judge